R. M. ROGERS, RESPONDENT, *v.* DANIEL COOK AND
OTHERS, APPELLANTS.

EVIDENCE —IMPEACHMENT.—CONTRADICTION.—In a cause to deter-
mine water rights in a certain ditch, a witness stated that
plaintiff had used water on this land from the ditch in 1886.
He was asked, on cross-examination, if he had not, at a cer-
tain time and place, stated to one Henry that the wheat raised
upon said land that year was "dry wheat," and said he did
not remember making any such statement. Subsequently H.
was called to contradict the witness as to such statement; *held*
that this contradiction was on a point of little if any import-
ance, and therefore not ground for reversal. Miner, J., *dis-
senting.*

ID.—EQUITY CAUSE.—ERRORS IN RULINGS UPON EVIDENCE.—*Semble*
that this being an equity cause, and the court in ruling upon
certain evidence, having stated that it was not material, but
that he would admit the evidence, nevertheless, such statement
of the court as to the value of the testimony cannot be
assigned as error. Miner, J., *dissenting.*

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial. The
facts in regard to the question of evidence, shown by the
record, are as follows:

Witness, Roswell Rogers, testified on his direct examina-
tion, as follows: "My father took the water out of the
main ditch when the water first came over the hill at a
point about fifty yards from Mr. Moore's house. It ran
from there down in an old road. Have taken it out my-
self. Took out nearly the whole stream; sometimes used it
one day and a night, sometimes two days. It was generally
turned off by somebody else when we got through; don't
know who turned it off. When we turned it on we gen-

erally put a dam in the ditch. It has been used every year in this way until last year when he made a different ditch and carried it on the high land."

Then on cross-examination he testified as follows: "I know William K. Henry; worked for him on Mr. Moore's farm in 1886. Don't remember telling him that we had an interest in the Alta ditch at one time, but that we did not keep the assessments and that the assessments had eaten it up long ago. Think I would recollect it if I had. Do not remember telling Mr. Henry the same year that the wheat on my father's farm on the lower land was dry wheat, raised without water."

Then W. K. Henry, called for the defendants, testified as follows: "Had a conversation with Roswell Rogers while he was helping me in the wheat field. He said to me: 'We did have an interest in the Alta ditch at one time, but we did not keep up the assessments, and I suppose the assessments have eaten it up long ago.' (This testimony objected to and the court stated that it was not material but he would let it go on the record. Defendants except.) In '86 I saw the crops growing on Rogers' lower land; there was wheat and rye and corn. I talked with Mr. Roswell Rogers about the wheat. Q.—Did he say to you in that conversation that the wheat was dry wheat? Objected to as immaterial. Objection sustained. Exception by defense. Mr. Rogers himself told me he raised good crops of rye without water." It will be observed that the witness, Rogers, was not asked whether the wheat raised was dry wheat or not."

The issues were as follows: The complaint in this case was filed August 7, 1890, and alleged that plaintiff acquired by appropriation, in 1882, one-twelfth of the waters of the Alta ditch, and acquired by purchase afterwards an additional one-twelfth, making one-sixth in all. That he used the water on his lands without interruption until 1888, at which time defendants shut off all but one-twelfth, and

refused to allow plaintiff to use more than one-twelfth, to his damage in the sum of $500.00.

Answer filed August 23, 1890, denies that plaintiff is the owner of any water by appropriation, but admits that he is the owner of one-twelfth by purchase; denies that plaintiff ever appropriated any of the said waters, or ever used any except the one-twelfth so purchased. It denies the damages and affirmatively alleges that the defendants and their predecessors in interest, between 1877 and 1882, appropriated all of the waters of the Alta Ditch, except the said one-twelfth, and that they are the owners thereof by prior appropriation and use for beneficial purposes.

The court rendered its findings of facts and conclusions of law and the same were filed January 5, 1891. The findings are substantially in the language of the complaint. The decree made and filed the same day gives the plaintiff one-sixth of the waters of the Alta ditch, and enjoins the defendants from interfering with his use thereof.

*Mr. George Sutherland,* for the appellants.

*Mr. J. W. N. Whitecotton,* for the respondent.

MINER, J.:

This action was brought by the plaintiff against the defendant to determine his right to one-sixth of the waters of Alta ditch. Plaintiff claims one-twelfth of the water as an original appropriator about the year 1880, and the remaining one-twelfth by purchase from Isaac McEwin in 1888. The defendants concede the right to the twelfth obtained by purchase, but deny that plaintiff obtained any water by appropriation; so that the only question involved is whether plaintiff appropriated one-twelfth of the water he claims. The trial court accorded plaintiff one-sixth of the water of Alta ditch, and from this order and decree the defendant appeals, and alleges insufficiency

of the evidence to justify the decree, errors occurring at the trial, and newly-discovered evidence.

We have examined the evidence as set out in the record and find a substantial conflict in the testimony; and therefore this court will not review the question as to the insufficiency of the evidence to support the findings. *Slater* v. *Cragun,* 7 Utah, 412, 27 Pac. Rep. 5. On the trial, Roswell Rogers, son of and a witness for the plaintiff, testified that he had worked assessments on the Alta ditch for his father during the six years prior to 1888. This was denied by the defendants. The witness stated in answer to a question on cross-examination that he worked for W. K. Henry on Mr. Moore's farm in 1886; that he did not remember telling Henry "that we had an interest in the Alta ditch at one time, but that we did not keep up the assessments, and that the assessments had eaten it up long ago." Mr. Henry testified for the defendants, and was asked whether or not Roswell Rogers had made this statement to him. The question was objected to, and the court stated that it was not material, but he would let it go on the record, to which defendants excepted. While the court did not rule directly upon this question, it was apparent that it did not consider the testimony of any value, and the mere letting it go on the record was of no value to the defendants. I think the testimony was material. It tended to contradict the witness on a material point. The ruling could only be regarded as sustaining the objection of plaintiff. The same witness, Roswell Rogers, also stated, in answer to a question on cross-examination, that he did not remember telling Mr. Henry, the same year, that the wheat on his father's farm, on the lower land, was dry wheat. Mr. Henry was asked if this statement was made. The question was objected to, and the objection was sustained. I think this was error. The witness, Rogers, had testified to the use of water by his father on this

lower land during the year 1886. If he stated that the wheat raised that year was dry wheat (that is, raised without water), it contradicted the first statement, and tended to impeach him upon the question as to the use of water on that land at this time, and therefore the cause ought to be reversed. My learned associates differ with the writer upon this question, and hold that the testimony so offered was not of sufficient importance to justify a reversal of the case. I find no other error in the record. In accordance with the opinion of the majority of the court the order and decree of the trial court is affirmed, with costs.

ZANE, C. J., and ANDERSON, J., concurred in affirming the judgment for the following reasons: (1) the error claimed as to admission of testimony on account of the court's expression of opinion as to the value of the testimony, being made in a trial before the court without a jury, was not error; (2) the attempted contradiction of the witness Rogers was on a point that might be material, if it had been attempted to be shown that there was an abandonment of the appropriation originally made, which did not appear in the testimony but was repudiated by both appellants and respondents. Therefore as to whether or not during a particular year the plaintiff had used water on a particular piece of land, could have little if any materiality. It was not even asked the witness, so far as the record shows, whether or not the wheat raised upon the particular land was dry wheat. And on the whole the matter was of such minor importance as not to require a reversal of the case.